**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH A. GRIFFIN,

    Plaintiff-Appellant,

 v.

J. BAL; et al.,

    Defendants-Appellees,

 and

J. CLARK KELSO; et al.,

    Defendants.

No. 20-15841

D.C. No.
2:10-cv-02525-MCE-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 10, 2021[**]
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

  Kenneth Griffin appeals the district court's grant of Appellees' motion for

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment on his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and denial of his motion for leave to amend the complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of summary judgment. *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002) (citing *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001)). We review for abuse of discretion the district court's denial of leave to amend. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

The district court properly granted summary judgment to Appellees on Griffin's deliberate indifference claim because he "failed to establish the existence of an element essential to [his] case on which [he] will bear the burden of proof at trial." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1222 (9th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Griffin did not present any evidence that any Appellee "kn[ew] of and disregard[ed] an excessive risk to [his] health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("A prison official acts with 'deliberate indifference . . . only if the [prison

2

official] knows of and disregards an excessive risk to inmate health and safety.'" (citation omitted and alterations in original)). At most, the evidence, viewed in the light most favorable to Griffin, could establish that Appellees' failure to refer him to an orthopedist sooner was negligent. But "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.* at 1057 (citation omitted). Because no genuine issue of fact was raised regarding Appellees' "subjective knowledge and conscious disregard of a substantial risk of serious injury" to Griffin, the district court properly entered summary judgment in their favor. *Id.* at 1061.

The district court did not abuse its discretion in concluding that amendment would either be futile or prejudicial to Appellees and denying Griffin's motion for leave to amend his complaint on these grounds. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).

**AFFIRMED.**